UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JOHN M. CARNES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:09-CV-293-TS |
| LYNETTE A. RICE, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

John M. Carnes filed a *pro se* complaint against twenty-one different defendants [DE 1]. He also filed an Application to Proceed Without Prepayment of Fees and Affidavit (*in forma pauperis*) [DE 2]. For the reasons set forth below, the Plaintiff's Application is DENIED, and the Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Plaintiff contends that he earns approximately $900 per month and has no dependents. The Plaintiff reports that he has no cash on hand. The annualized value of the Plaintiff's income stream is $10,800. The 2009 poverty guideline for a household of one living in Indiana is $10,830. *See* Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. No. 14, 4199–4201 (Jan. 23, 2009). Therefore, the Plaintiff has sufficiently established that he is unable to prepay the filing fee.

The inquiry does not end there, however. In assessing whether a petitioner may proceed *in forma pauperis*, the court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Cf. Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (affirming dismissal of complaint screened under 28 U.S.C. §1915A applying the Rule 12(b)(6) standard).

For a complaint to survive a motion to dismiss under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Here, the Plaintiff's *pro se* complaint is

unwieldy and difficult to parse, but all his claims appear to stem from a probate dispute that was litigated in Indiana state court. He purports to raise claims under the Fourth, Fifth, Tenth, Twelfth, and Fourteenth Amendments against a host of defendants, including several of his family members and their attorneys, the state court judge who presided over the case, a state court clerk, and others. None of his allegations state a plausible claim for relief.

As a general matter, this court has no subject matter jurisdiction over probate disputes. *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). Neither does this court have jurisdiction to review or reverse the orders issued in the state court case. *See Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002) (observing that under the *Rooker-Feldman* doctrine "lower federal courts do not have jurisdiction to conduct direct review of state court decisions."). The Plaintiff also cannot sue the state court judge, because he is entitled to absolute immunity for judicial acts performed in matters within his jurisdiction. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). The Plaintiff raises claims against a state court clerk, apparently for implementing the orders of the judge, but judicial clerks enjoy absolute immunity when performing administrative acts at the direction of a judicial officer. *Snyder v. Nolen*, 380 F.3d 279, 286-87 (7th Cir. 2004). The Plaintiff also appears to allege that the clerk "lied" to him, but the court cannot discern how this states a claim for any constitutional violation. The Plaintiff also seeks to hold various municipal governmental bodies liable as the "supervisors" of the judge and the clerk, but there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Similarly, the Plaintiff's claim against the State of Indiana is barred by Eleventh Amendment immunity. *See Ind. Protection & Advocacy Servs. v. Ind. Family & Social Servs. Admin.*, 573 F.3d 548, 552 (7th Cir. 2009).

The Plaintiff also cannot raise constitutional claims against his family members and various other private parties, since the Constitution only protects against actions by state actors. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Nor does he have any right to initiate federal criminal charges against any of these individuals, since only the U.S. Attorney has such prosecutorial authority. Finally, the Plaintiff's claims for relief under the Tenth and Twelfth Amendments are patently frivolous. The Tenth Amendment reserves all powers in the states not otherwise delegated to the federal government, U.S. CONST. AMEND. X, and the Twelfth Amendment provides for presidential elections via the electoral college. U.S. CONST. AMEND. XII; *Oregon v. Mitchell*, 400 U.S. 112, 291 (1970). Neither Amendment has any remote applicability to this case.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed Without Prepayment of FEES [DE 2], and DISMISSES WITH PREJUDICE the Complaint [DE 1] pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED on November 10, 2009.

                                           s/ Theresa L. Springmann
                                           THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT
                                           FORT WAYNE DIVISION